SCOTT T. TROPIO (SBN 110032)
   STROPIO@TROPIOLAW.COM
DANIEL S. HURWITZ (SBN 235260)
   DHURWITZ@TROPIOLAW.COM
21700 OXNARD STREET, SUITE 1700
WOODLAND HILLS, CA  91367
TELEPHONE:    (818) 883-4000
FACSIMILE:     (818) 883-4242

ATTORNEYS FOR PLAINTIFFS,
TESORO REFINING & MARKETING COMPANY LLC and
TESORO SOCAL PIPELINE COMPANY LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TESORO REFINING & MARKETING COMPANY LLC, a Delaware limited liability company; TESORO SOCAL PIPELINE COMPANY LLC, a Delaware limited liability company<br><br>       **Plaintiffs,**<br><br>v.<br><br>CITY OF LONG BEACH; a California Municipality; COUNTY OF LOS ANGELES; a California municipality; CRIMSON PIPELINE, L.P., a Colorado Limited Partnership; ENI OIL & GAS INC. (f/k/a/ GOLDEN EAGLE REFINING COMPANY, INC.), a Texas Corporation; GETTY OIL COMPANY, a California Corporation; LONG BEACH WATER DEPARTMENT; a California municipal entity; LOS ANGELES COUNTY SANITATION DISTRICT; a California municipal entity; PLAINS ALL AMERICAN PIPELINE, L. P., a Texas Limited Partnership (as successor-in-interest to PPS HOLDING COMPANY); UNION OIL COMPANY OF CALIFORNIA, a California Corporation; and DOES 1-15 inclusive | **Case No.:**<br><br>**PLAINTIFFS' COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>  1)  RESPONSE COSTS UNDER CALIFORNIA SUPERFUND, HEALTH & SAFETY CODE § 25363<br>  2)  LIABILITY FOR RESPONSE COSTS UNDER CERCLA<br>  3)  CONTRIBUTION<br>  4)  DECLARATORY RELIEF<br>  5)  EQUITABLE INDEMNITY<br>  6)  TRESPASS<br>  7)  PRIVATE NUISANCE<br>  8)  PUBLIC NUISANCE<br>  9)  NUISANCE *PER SE*<br>  10) VIOLATION OF CAL. BUSINESS AND PROFESSIONS CODE §17200<br><br>**JURY TRIAL DEMANDED** |

PLAINTIFFS' COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

COME NOW Plaintiffs, TESORO REFINING & MARKETING COMPANY LLC and TESORO SOCAL PIPELINE COMPANY LLC (collectively "Plaintiffs" or "Tesoro"), and allege as follows:

## I. INTRODUCTION

1.      Plaintiffs are limited liability companies organized under the laws of Delaware but conducting business in California.  Plaintiffs use subterranean pipelines to transport crude oil and products along the real property at Golden Avenue between Baker Street and West Wardlow Road in Long Beach, California ("Site" or "Tesoro Site").

2.      The Site is located adjacent to a former wastewater plant operated by Oil Operators Incorporated ("OOI") and commonly known as 712 Baker Street in Long Beach ("OOI Site").  The Tesoro Site forms the eastern boundary of the OOI Site.

3.      At all pertinent times, DEFENDANTS owned or operated various subterranean pipelines that have run, in relevant part, under and along Baker Street and/or Golden Avenue, in Long Beach California, adjacent to the Site and OOI Site ("PIPELINE DEFENDANTS").

4.      Defendant CITY OF LONG BEACH ("LONG  BEACH CITY") is a municipality of the state of California. Upon information and belief, at certain relevant times, LONG  BEACH CITY owned or operated sewer or similar lines that carried contaminants, including a thirty-inch underground sewer line under Baker Street and Golden Avenue in Long Beach, California ("SEWER LINE").  In addition to running under Baker Street and Golden Avenue, the SEWER LINE travels under the OOI Site.

5.      Defendant COUNTY OF LOS ANGELES ("L.A. COUNTY") is a county of the state of California. Upon information and belief, at certain relevant times, L.A. COUNTY owned or operated the SEWER LINE described in paragraph 4, *supra*.

**PLAINTIFFS' COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

6.      Defendant CRIMSON PIPELINE, L.P. ("CRIMSON"), is a limited partnership organized under the laws of Colorado and licensed to conduct business in California. At all relevant times, CRIMSON owned or operated two underground pipelines under Baker Street across the intersection of Baker Street and Golden Avenue in Long Beach, California ("CRIMSON LINES").

7.      Tesoro is informed and believes, and thereon alleges that Defendant ENI OIL & GAS INC. (f/k/a/ GOLDEN EAGLE REFINING COMPANY, INC.), ("ENI" or "GOLDEN EAGLE") is a corporation that is incorporated under the laws of Texas and conducts business in California. At all relevant times, ENI owned or operated underground pipelines under Baker Street and Golden Avenue in Long Beach, California ("Golden Eagle Lines").

8.      Defendant GETTY OIL COMPANY ("GETTY") is a corporation that is incorporated under the laws of California and conducts business in California. At all relevant times, GETTY owned or operated two eight-inch underground pipelines ("8" GETTY LINE" AND "8" ABANDONED GETTY LINE"; collectively, "GETTY LINES") under Baker Street across the intersection of Baker Street and Golden Avenue in Long Beach, California.

9.      Defendant LONG  BEACH WATER DEPARTMENT ("LBWD") is a municipal entity which, upon information and belief, at various relevant times has been responsible for owning or operating the SEWER LINE on behalf of LONG BEACH CITY.

10.     Defendant LOS ANGELES COUNTY SANITATION DISTRICT ("LACSD") is a municipal entity which, upon information and belief, at various relevant times has been responsible for owning or operating the SEWER LINE on behalf of L.A. COUNTY.

11.     Defendant PLAINS ALL AMERICAN PIPELINE, L.P. ("PLAINS"), is a Texas Limited Partnership that conducts business in California. PLAINS is the successor-in-interest to PPS Holding Company in the ownership and operation of

**PLAINTIFFS' COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

an underground pipeline designated "Line 52" under Baker Street and Golden Avenue in Long Beach, California.

12.     Defendant UNION OIL COMPANY OF CALIFORNIA ("UNION OIL") is a corporation that is incorporated under the laws of California and conducts business in California. At all relevant times, UNION OIL owned or operated three underground pipelines ("10" UNION OIL LINE," "4" UNION OIL LINE," AND "6" ABANDONED UNION OIL LINE"; collectively, "UNION OIL LINES") under Baker Street across the intersection of Baker Street and Golden Avenue in Long Beach, California.

13.     Tesoro is informed and believes, and thereon alleges that Defendant DOE No. 1 is the successor-in-interest to GENERAL EXPLORATION COMPANY INTERNATIONAL ("GENERAL EXPLORATION"). At all relevant times, GENERAL EXPLORATION owned or operated an underground pipeline under Baker Street across the intersection of Baker Street and Golden Avenue in Long Beach, California ("GENERAL EXPLORATION LINE").

14.     The true names and capacities of the DEFENDANTS sued herein as DOES 1-15, inclusive are currently unknown to Tesoro, who therefore sues such DEFENDANTS by fictitious names.  Each of the DEFENDANTS designated herein as one of DOES 1-15 is legally responsible for the unlawful acts alleged herein by working in concert with the other named and unnamed defendants.

15.     LONG BEACH CITY, L.A. COUNTY, CRIMSON, ENI, GETTY, LBWD, LACSD, PLAINS, UNION OIL, and DOES1-15, and each of them is the owner or operator of a pipeline located at all relevant times beneath Baker Street, Golden Avenue, or both in Long Beach, California, or is legally responsible to indemnify the owner or operator of one or more such pipeline.  LONG BEACH CITY, L.A. COUNTY, CRIMSON, ENI, GETTY, LBWD, LACSD, PLAINS, UNION OIL, and DOES1-15, and any combination thereof-are collectively known as "DEFENDANTS."

**PLAINTIFFS' COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

16.     Tesoro is informed and believes and thereupon alleges that at all times material to this Complaint each of the DEFENDANTS, in addition to acting on behalf of itself, is and was acting as the agent, servant, employee and representative of, and with the knowledge, consent and permission of, and in conspiracy with each and all of the DEFENDANTS and within the course, scope and authority of that agency, service, employment, representation and conspiracy.

17.     Tesoro further alleges on information and belief that the acts of each of the DEFENDANTS were fully ratified by each and all of the DEFENDANTS. Specifically and without limitation, Tesoro alleges on information and belief that the actions, failures to act, breaches, conspiracy and misrepresentations alleged herein and attributed to one or more of the specific DEFENDANTS were approved, ratified and done with the cooperation and knowledge of each and all of the DEFENDANTS.

## II.  JURISDICTION AND VENUE

18.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. §§ 9613(b), which confer jurisdiction upon a matter if the matter arises out of federal law.  This Court has supplemental state law jurisdiction over the pendent state law claims, pursuant to 28 U.S.C. § 1367.  The state law claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

19.     This Court has jurisdiction over DEFENDANTS because they are registered to conduct business in California, have sufficient minimum contacts in California, and otherwise intentionally avail themselves of the California market through the promotion, sale, marketing and distribution of their products or services so as to render the exercise of jurisdiction over them by California courts consistent with traditional notions of fair play and substantial justice.  Moreover, DEFENDANTS' wrongful conduct occurred in California, and foreseeably affects those in California.

**PLAINTIFFS' COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

20.     Venue is appropriate in this Court, based on 28 U.S.C. § 1391(b) and 42 U.S.C. §§ 9613(b) and 6272(a) because, upon information and belief, DEFENDANTS reside, transact business, or have offices in this district and the acts and omissions alleged herein took place in this district.

21.     In addition, a substantial part of the events or omissions giving rise to these claims and a substantial part of the land affected is in the Wrigley Heights neighborhood in Long Beach, California, located in this District.

### III.  FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

22.     Tesoro uses the Site to distribute crude oil and petroleum products for sale to customers.  As set forth in greater detail below, Tesoro acquired its interest at the Site following a purchase of assets on or about June 1, 2013.  Tesoro maintains easements, permits, rights of way, or franchise agreements to control, use, and operate the Site.

23.     The OOI Site – located adjacent to the Site – extends from West Wardlow Road to the south and beyond Baker Street to the north.  The Los Angeles River forms the western boundary of the OOI Site.  Golden Avenue forms the eastern boundary of the OOI Site.  North of Baker Street, at different times, Tesoro is informed and believes that the OOI Site has been known as 3701 and 4021 Pacific Place in Long Beach.

24.     At the Site or OOI Site, the pipelines operated by PIPELINE DEFENDANTS were used in the transmission of various materials, as follows:

a)  At all relevant times, upon information and belief, at various times, LONG BEACH CITY, L.A. COUNTY, LBWD, and LACSD owned or operated a vitrified clay sewer line of approximately 30 inches running under Baker and Golden Avenue and under the OOI Site adjacent to the Site ("SEWER LINE").  LONG BEACH CITY, L.A. COUNTY, LBWD and LACSD are referred to collectively herein as "SEWER DEFENDANTS".  Upon information and belief, the SEWER LINE was used to transport, *inter alia*,

**PLAINTIFFS' COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

waste discharged from the OOI Site, as well as various industrial or other wastes from other nearby facilities in Long Beach, California.

b) At all relevant times, CRIMSON owned or operated two pipelines most recently designated for the transmission of crude oil, one of which subsequently became inactive, (collectively, "CRIMSON LINES") running under Baker Street near the Site. As recently as 2014, repair crews arriving in trucks marked as CRIMSON trucks were seen in the vicinity of the Site performing maintenance and/or repair work on the CRIMSON LINES.

c) At all relevant times, GETTY owned or operated two eight-inch (8") pipelines, one of which was subsequently abandoned (collectively, the two 8" pipelines are referred to as the "GETTY LINES") under Baker Street near the Site. Upon information and belief, the GETTY LINES have at all relevant times been used for the transportation of crude oil and /or refined product.

d) At all relevant times, GOLDEN EAGLE owned or operated a six-inch (6") "gaso w w" line that at all relevant times ran under Baker Street near the Site.

e) At all relevant times, GOLDEN EAGLE also owned or operated an eight-inch (8") crude oil line that at all relevant times ran under Golden Avenue near the Site. GOLDEN EAGLE's 6" gaso w w line connected to its 8" crude oil line at or near the intersection of Baker Street and Golden Avenue. Collectively, the 6" gaso w w line and the 8" crude oil line are referred to as the GOLDEN EAGLE LINES.

f) PLAINS owns and is responsible for Line 52, that at all relevant times ran under Baker and Golden Avenue near the Site. Line 52 was at all relevant times a six-inch (6") pipeline used at various times to transmit refined gasoline and crude oil. In May, 1999, Line 52 was sold to Pacific Pipeline System, LLC ("PPS"). PPS was later acquired in 2006 by PLAINS. As a

**PLAINTIFFS' COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

result of these transactions, PLAINS assumed responsibility for Line 52, including responsibility for prior releases or discharges.

g) At all relevant times, UNION OIL owned and operated three separate lines running under Baker Street near the Site: a ten-inch (10") line, a four-inch (4") line, and a six-inch (6") line, which was subsequently abandoned (collectively, "UNION OIL LINES") under Baker Street near the Site. Upon information and belief, the UNION OIL LINES have at all relevant times been used for the transportation of crude oil, waste water, and /or refined product. A 1947 map maintained by the LACSD indicates that the 6" UNION OIL LINE at one time transported gasoline.

h) At all relevant times, DOE No. 1's predecessor, GENERAL EXPLORATION owned or operated a four-inch (4") pipeline ("GENERAL EXPLORATION LINE"), subsequently abandoned, running under Baker Street near the Site. Upon information and belief, the GENERAL EXPLORATION LINE has at all relevant times been used for the transportation of crude oil and /or refined product.

i) Collectively, the SEWER LINE, the CRIMSON LINES, the GETTY LINES, the GOLDEN EAGLE LINES, Line 52,the GENERAL EXPLORATION LINE, and the UNION OIL LINES, are referred to herein as the "DEFENDANTS' PIPELINES."

25.    On or about September 18, 2014, the Los Angeles Regional Water Quality Control Board ("Regional Board") issued Clean-up and Abatement Order No. R4-2013-0064 pursuant to California Water Code section 13304 ("Order") requiring BP Pipelines (North America), Inc., Atlantic Richfield Company, and ARCO Terminal Services Corporation (collectively, "BP") to investigate and remediate benzene and other contaminants in the subsurface of the Site. The Order alleges that BP's former pipelines numbered 32, 34 and 252, acquired by Tesoro on June 1, 2013, are a "gasoline source" responsible for a discharge of benzene and

8

**PLAINTIFFS' COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

other contaminants.  Tesoro contends that the benzene and other contaminants originate from DEFENDANTS' PIPELINES.

26.     On August 8, 2012, Tesoro Refining & Marketing Company LLC ("TRMC") and BP entered into a Purchase and Sale Agreement (the "PSA") whereby TRMC agreed to purchase certain assets from BP and to undertake certain responsibilities for environmental investigation and remediation. Pursuant to the terms of the PSA, TRMC and Tesoro SoCal Pipelines LLC assumed BP's investigation and remediation responsibilities at the Site effective June 1, 2013. This was a full year prior to the issuance of the CAO to BP.  Tesoro SoCal Pipeline Company LLC is the owner of Lines 32 and 34.  TRMC owns Line 252.As used from this point forward, unless otherwise described, references to "Tesoro" are meant to include these predecessor entities and each of them, as well as TRMC and Tesoro SoCal Pipelines LLC.

27.     Tesoro is informed and believes, and thereon alleges that DEFENDANTS' PIPELINES, and all of them, in the vicinity of the Site caused or contributed to contamination at the Site because they failed, leaked, discharged or otherwise released materials, including but not limited to, petroleum, refined petroleum products (including gasoline), or waste water, that have caused or contributed to the presence of the contaminants at the Site that are referenced in the Order.

28.     As the Regional Board notes in the Order, pipeline contents are known to change over time, and a line that in one document is listed as carrying, for example, crude oil, may be shown in another document to have been in service carrying, for example, gasoline or other refined petroleum product. As a result, Tesoro is informed and believes, and thereon alleges, that the pipelines described above, and each of them, at one time or another transported materials that caused or contributed to the contamination at issue in the Order.

//

**PLAINTIFFS' COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

29.     Tesoro has investigated and found a lack of sufficient credible evidence that its pipelines are a viable source responsible for the benzene at the Site.  Although Tesoro's investigation continues, and although Tesoro has found a record indicating a single crude oil pipeline repair in 1963 on Baker Street, with no record of any accompanying discharge found, available records of pipeline integrity evaluations dating back to the late 1950s do not identify any discharge in the last 60 years that correlates to the extent and type of contamination at the Site.

30.     Tesoro has further investigated and determined that Line 252 has never run beneath the relevant portions of Baker Street or Golden Avenue, and therefore cannot be a cause of any contaminants detected at the Site.

31.     Tesoro's investigation in compliance with the Order has further determined that some or all of the contamination found at the Site is attributable  to the products that TESORO is informed and believes, and thereon alleges were carried by DEFENDANTS' PIPELINES, including but not limited to, crude oil, diesel fuel, wastes, naphtha, industrial solvents, and gasoline.

32.     OOI, in reliance upon the Order, has demanded that TESORO assume cleanup and abatement activities on the OOI Site to remove and abate contamination similar in type to the contamination described in the Order.

33.     Upon information and belief, Tesoro alleges that leaks, releases or discharges from DEFENDANTS' PIPELINES caused or contributed to the contamination on the OOI Site.

34.     Though investigations are continuing, Tesoro alleges based on information and belief that the DEFENDANTS, through their acts or omissions at different times subsequent to about 1980, employed environmentally substandard practices and structures for investigating, maintaining, handling, storing, treating, disposing, and abandoning various materials or wastes through their pipelines or SEWER LINE in violation of federal and state environmental laws, including the California Health & Safety Code and Water Code, and applicable regulatory and

**PLAINTIFFS' COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

industry standards ("Environmentally Substandard Conditions").  These Environmentally Substandard Conditions over time polluted the Site and other adjacent properties, including the OOI Site.

35.     To the best of Tesoro's knowledge, no governmental authority is diligently prosecuting the claims against the SEWER DEFENDANTS stemming from the Environmentally Substandard Conditions pursuant to the California Hazardous Waste Control Law, California Health & Safety Code sections 25100-25258.2; the federal Comprehensive Environmental Response, Compensation and Liability Act  ("CERCLA" or "Superfund"), 42 U.S.C. sections 9601-9675; or the California Superfund law, the California Hazardous Substance Account Act, California Health & Safety Code  sections 25300-25395.45.

36.     Tesoro is informed and believes and thereupon alleges that the Environmentally Substandard Conditions caused by DEFENDANTS' PIPELINES AND the SEWER LINE allowed contamination at the Site either intentionally or negligently, and through the willful acts and/or omissions of the DEFENDANTS. Tesoro is informed and believes and thereupon alleges that the intrusions from the contamination are continuing as of the filing of the Complaint.

37.     Due to DEFENDANTS' unlawful and tortious conduct, Tesoro has had to incur numerous expenses, including those since September 18, 2014 in investigating and remediating the Site and OOI Site even though there is a lack of sufficient credible evidence demonstrating that Tesoro or its pipelines caused or contributed to the benzene and other contamination in the subsurface of the Site, as well as those related to investigating and defending against the claims by OOI against Tesoro.

38.     The Regional Board was aware of the presence of DEFENDANTS' PIPELINES in the vicinity of the Site, and the evidence and likelihood that one or more of them caused or contributed to the presence of the contaminants at the Site. However, with one exception, the Regional Board failed or refused to investigate

**PLAINTIFFS' COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

or hold liable any of the DEFENDANTS for their contribution to the presence of the contaminants at the Site, instead improperly foisting responsibility for all pipeline releases on Tesoro and its predecessors, without adequate evidence to support such a finding.

39.    The one exception alluded to in the prior paragraph was an inquiry sent by the Regional Board to PLAINS in or around 2012 concerning Line 52. PLAINS Line 52 is located beneath Golden Avenue.  In May, 1999, Line 52 was sold by ARCO Pipe Line Company to Pacific Pipeline System, LLC ("PPS").  PPS was later acquired in 2006 by PLAINS.

40.    PLAINS responded to the Regional Board that Line 52 is an inactive 6-inch pipeline previously used for the transport of crude oil.  PLAINS further stated that, because its Line 52 purportedly never carried gasoline, it could not have caused or contributed to the presence of the contaminants at the Site that are referenced in the Order. The Board, in reliance upon this representation, and without the benefit of Tesoro's subsequent forensic and other investigations of the Site, ceased pursuing PLAINS as a potentially responsible party.

41.    However, Tesoro's investigation has determined that the information PLAINS provided to the Board in response to its inquiry was inaccurate and incomplete, in that Line 52 in fact has historically carried gasoline, as well as crude oil and waste water, all of which were capable of causing and in fact did cause or contribute to the presence of the contaminants at the Site that are referenced in the Order.

42.    Though investigation is continuing, preliminary findings indicate that: (i) in approximately 1970, 1972, 1975, 1976, and 1982, Line 52 is listed as a gasoline line; (ii) in 1981, Line 52 is listed as transporting gas oils and slops; and (iii) at certain times, Line 52 appears to have transported diesel/water but by 1988, upon information and belief, it was taken out of service apparently due to integrity issues or failure or a hydrotest.

**PLAINTIFFS' COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

43.     Tesoro seeks to vindicate not only its rights to have its interest in the Site to be free and clear of contamination, but also to vindicate the rights of the individuals affected by DEFENDANTS' actions; accordingly, Tesoro is acting as private attorney general.

**FIRST CAUSE OF ACTION**

**RESPONSE COSTS UNDER CALIFORNIA SUPERFUND, HEALTH & SAFETY CODE § 25363, ET. SEQ.**

**(BY PLAINTIFFS AGAINST DEFENDANT L.A. COUNTY)**

44.     Tesoro repeats and realleges each and every allegation of this Complaint as if fully set forth therein.

45.     California Health & Safety Code section 25363(e) allows any person who has incurred removal costs to seek contribution or indemnity from any person who is liable.

46.     Tesoro is informed and believes and thereupon alleges that SEWER DEFENDANTS are persons liable under the statute because through their actions or omissions, the SEWER DEFENDANTS caused, contributed, or augmented the hazardous substances and waste that was released, discharged, dumped, disposed, treated and abandoned at and near the Site, thereby intruding, encroaching, contaminating or otherwise interfering with Tesoro's interest in the Site and free use and enjoyment of the Site.

47.     The contaminants that SEWER DEFENDANTS released, discharged, dumped, disposed, treated and abandoned onto the Site include substances specifically listed or designated as hazardous substances within the meaning of California Health & Safety Code section 25316.  Tesoro is informed and believes that some of the contaminants released by SEWER DEFENDANTS are hazardous wastes pursuant to the California Hazardous Waste Control Law, and the regulations implementing this statute.  These contaminants also are listed or designated as hazardous substances pursuant to CERCLA, 42 U.S.C. section 9602,

**PLAINTIFFS' COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1    and California Health & Safety Code section 25316.

2         48.    The SEWER LINE constitutes a facility for purposes of CERCLA and

3    the California Superfund law.

4         49.    As a proximate cause of SEWER DEFENDANTS' release of

5    hazardous substances into the environment and onto the Site, Tesoro has had to

6    incur necessary response costs, including attorneys' fees and expert witness' fees,

7    for which SEWER DEFENDANTS are strictly liable pursuant to California Health

8    & Safety Code section 25363 and CERCLA.  All of the costs Tesoro has incurred

9    to remove and/or remediate the contamination from the SEWER LINE have been

10   in accordance with Chapter 6.8 of the California Superfund law and CERCLA.

11        50.    On or about September 18, 2014, Tesoro began incurring removal or

12   remedial action costs due to SEWER DEFENDANTS' actions.

13        51.    Tesoro has transmitted Notices to the Director of California

14   Department of Toxic Substance Control.  A true and correct copy of the notice

15   with respect to the L.A. COUNTY and the LACSD is attached as Exhibit "A" and

16   incorporated by reference. A true and correct copy of the notice with respect to

17   LONG BEACH CITY and LBWD is attached hereto as Exhibit "B" and

18   incorporated herein by reference.

19        52.    Tesoro seeks contribution and/or indemnity for all response costs

20   under CERCLA and California Health & Safety Code section 25363.

21        53.    On or about February 5, 2016, plaintiffs submitted a timely written

22   claim to L.A. COUNTY and LACSD detailing the foregoing facts and plaintiffs'

23   injuries and damages in full compliance with the Government Claims Act. A true

24   and correct copy of that claim is attached hereto as Exhibit "C".

25        54.    On or about February 24, 2016, L.A. COUNTY rejected plaintiffs'

26   claim in its entirety. A true and correct copy of that rejection is attached hereto as

27   Exhibit "D".

28   //

**PLAINTIFFS' COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

55.     On or about March 10, 2016, the LACSD further rejected plaintiffs' claim in its entirety. A true and correct copy of that rejection is attached hereto as Exhibit "E."

56.     On or about June 21, 2016, plaintiffs submitted a timely written claim to LONG BEACH CITY and LBWD detailing the foregoing facts and plaintiffs' injuries and damages in full compliance with the Government Claims Act. A true and correct copy of that claim is attached hereto as Exhibit "F."

57.     Neither LONG BEACH CITY nor LBWD have responded to plaintiffs' claim to date. As such, by operation of law, both LONG BEACH CITY and LBWD are deemed to have denied plaintiffs' claim as of August 5, 2016.

58.     Due to SEWER DEFENDANTS' actions, Tesoro has been harmed and is entitled to the costs of cleanup, fees and costs in an amount to be determined by proof.

## SECOND CAUSE OF ACTION
## FOR RESPONSE COST RECOVERY UNDER CERCLA
## (BY TESORO AGAINST L.A. COUNTY)

59.     Tesoro repeats and realleges each and every allegation of this Complaint as if fully set forth therein.

60.     Tesoro is a "person" as that term is defined under CERCLA, 42 U.S.C. § 9601(21).

61.     Tesoro is not, and at all material times, was not, a "covered person" or responsible party pursuant to CERCLA, 42 U.S.C. § 9607.

62.     Tesoro is informed and believes and thereupon alleges that SEWER DEFENDANTS, and each of them, is a "person" as defined in CERCLA, 42 U.S.C. § 9601(21).

63.     Tesoro is informed and believes and thereupon alleges that SEWER DEFENDANTS are, and at all material times were an "owner" and/or "operator," as defined in CERCLA 42 U.S.C. § 9601 *et. seq.,* of the SEWER LINE located in

**PLAINTIFFS' COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Long Beach, California at the location described above.

64.    Tesoro is informed and believes and thereupon alleges that SEWER DEFENDANTS operated a "facility" as defined by CERCLA, 42 U.S.C. § 9601.

65.    For the reasons set forth above, Tesoro is informed and believes and thereupon alleges that some of the various wastes that SEWER DEFENDANTS stored, transported, used, released, and/or disposed of on the soil and/or into the groundwater located at and from the OOI Site constitute substances specifically listed or having characteristics designating them as "hazardous substances" as defined in CERCLA, 42 U.S.C. § 9601 *et. seq.*

66.    Tesoro is informed and believes and thereupon alleges that a release, as defined in CERCLA, 42 U.S.C. § 9601 *et. seq.*, of hazardous substances has occurred and is continuing to occur from the SEWER LINE.

67.    Tesoro alleges on information and belief that SEWER DEFENDANTS therefore are "covered persons" or responsible parties pursuant to CERCLA § 107, 42 U.S.C. § 9607.

68.    Tesoro is informed and believes, and on that basis alleges, that while SEWER DEFENDANTS were owners and operators of the SEWER LINE, significant quantities of hazardous substances, including benzene and other contaminants involved in the Order, were disposed of, dumped, spilled, leaked, released, and abandoned into the soil, soil vapor and groundwater in and around the Site causing those hazardous substances to enter the environment and surrounding areas, including the Site.

69.    Tesoro is informed and believes, and on that basis alleges, that SEWER DEFENDANTS caused and arranged for disposal of the hazardous substances at or near the Site in a manner that polluted the Site and impacted surrounding areas, including the Tesoro Site and the OOI Site.

70.    As a direct and proximate result of the release/s of hazardous substances that have occurred, and are continuing to occur, on, under, from, and/or

**PLAINTIFFS' COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

in the vicinity of the SEWER LINE, Tesoro has incurred and will continue to incur necessary response costs as defined in CERCLA § 101(25), 42 U.S.C. § 9601.

71.     The response costs that Tesoro has incurred are in compliance with the applicable provisions of the National Contingency Plan as provided for in 42 U.S.C. sections 9605 and 9607(a)(4)(B) and 40 CFR Part 300.

72.     Tesoro seeks from SEWER DEFENDANTS reimbursement and recovery of all removal and remedial action costs and response costs pursuant to CERCLA, 42 U.S.C. § 9607(a), for all removal, remedial action, and response costs that Tesoro has incurred and will incur due to the release/s on, under, from, and/or in the vicinity of the Site, which were released while SEWER DEFENDANTS were the owners or operators of the SEWER LINE.

73.     On or about February 12, 2016, Tesoro gave notice to L.A. COUNTY and LACSD, as well as the United States Environmental Protection Agency (on behalf of the President of the United States), the California Department of Toxic Substance Control, the Attorney General of the United States, and the California Office of the Attorney General notice of Tesoro's intent to pursue the instant claim under CERCLA, detailing the foregoing facts and plaintiffs' injuries and damages in full compliance with CERCLA and the Government Claims Act. A true and correct copy of that claim is attached hereto as Exhibit "A".

74.     On or about June 21, 2016, Tesoro gave notice to LONG BEACH CITY and LBWD, as well as the United States Environmental Protection Agency (on behalf of the President of the United States), the California Department of Toxic Substance Control, the Attorney General of the United States, and the California Office of the Attorney General notice of Tesoro's intent to pursue the instant claim under CERCLA, detailing the foregoing facts and plaintiffs' injuries and damages in full compliance with CERCLA and the Government Claims Act. A true and correct copy of that claim is attached hereto as Exhibit "B".

//

**PLAINTIFFS' COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

## THIRD CAUSE OF ACTION-CONTRIBUTION
## (BY TESORO AGAINST ALL DEFENDANTS)

75.     Tesoro hereby incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though the same were fully set forth herein.

76.     By reason of the foregoing allegations, Tesoro will be damaged to the extent that it must pay any sum, or any sum in excess of its proportionate amount of liability if any exists. Tesoro contends that DEFENDANTS, and each of them, were legally responsible for the losses, damages and/or injuries alleged in the Complaint. However, if Tesoro is responsible for any portion of the remediation costs, DEFENDANTS, and each of them, are obligated to reimburse Tesoro and are liable for that portion of intentional and/or negligent fault and/or liability of said DEFENDANTS assessed against them which proximately caused or contributed to Tesoro alleged losses, damages and/or injuries if it is liable for any of the remediation.

## FOURTH CAUSE OF ACTION-DECLARATORY RELIEF,
## INCLUDING UNDER CERCLA
## (BY TESORO AGAINST ALL DEFENDANTS)

77.     In its capacity as private attorney general or otherwise, Tesoro hereby incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though the same were fully set forth herein.

78.     Because the extent and magnitude of the contamination at the Site is not fully known at this time, and because the contamination has not yet been fully mitigated, Tesoro will incur necessary response costs under the Order including but not limited to further investigatory, remedial and removal expenses, attorneys' fees and interest in the future.

//
//

18

**PLAINTIFFS' COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

79.     Pursuant to 42 U.S.C. section 9607 and California Health and Safety Code section 25363, Tesoro is entitled to a declaratory judgment establishing the liability of the SEWER DEFENDANTS, and each of them, for such response costs for the purposes of this and any subsequent action or actions to recover further response costs.

80.     Further a dispute has arisen between Tesoro and DEFENDANTS, and each of them, in that Tesoro contends that the losses it has incurred and will incur, were the sole and proximate cause of the conduct of the DEFENDANTS, and each of them, and DEFENDANTS deny that this is the case.

81.     By reason of the dispute between Tesoro and DEFENDANTS, an actual controversy exists between Tesoro and Defendants, and each of them, concerning their respective rights, duties and obligations set forth above.  Tesoro is therefore entitled to a declaration of the rights, duties and obligations of DEFENDANTS, and each of them, to Tesoro.

**FIFTH CAUSE OF ACTION-EQUITABLE INDEMNITY**
**(BY TESORO AGAINST ALL DEFENDANTS)**

82.     Tesoro hereby incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though the same were fully set forth herein.

83.     A substantial portion of the expenses Tesoro has incurred to investigate and remediate the Site, and to defend against OOI's demands for cleanup and abatement of the OOI Site are exclusively the result of the intentional or negligent conduct of the DEFENDANTS.  As a result, Tesoro is entitled to complete indemnity from the DEFENDANTS for such expenses pursuant to the doctrine of equitable indemnification.

//
//
//

**PLAINTIFFS' COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

## SIXTH CAUSE OF ACTION-TRESPASS
## (BY TESORO AGAINST ALL DEFENDANTS)

84.     Tesoro repeats and reallages each and every allegation of this Complaint as if fully set forth therein.

85.     DEFENDANTS' release, dumping, disposal, treatment, abandonment, and failures to investigate and maintain DEFENDANTS' PIPELINES caused or contributed to contamination  at the Site, including but not limited to benzene, which has physically intruded upon the Site constituting a permanent as well as a continuing trespass.

86.     By allowing or causing the Environmentally Substandard Conditions, DEFENDANTS intentionally released, dumped, disposed, treated and abandoned various wastes, or allowed such release, dumping, disposal, treatment or abandonment, without the authority of Tesoro or any of its predecessors in interest. DEFENDANTS' conduct has been and continues to be carried on with a conscious disregard of Tesoro's enjoyment of its Site.  DEFENDANTS' conduct constitutes trespass and a continuing trespass to the Site.

87.     The intrusions of various wastes by DEFENDANTS have unreasonably interfered with Tesoro's use and enjoyment of the Site.  Due to the intrusion of various wastes by DEFENDANTS, Tesoro has suffered damages as set forth above, including other consequential, incidental and general damages in an amount to be determined by proof.

## SEVENTH CAUSE OF ACTION-PRIVATE NUISANCE
## (BY TESORO AGAINST ALL DEFENDANTS)

88.     Tesoro repeats and realleges each and every allegation of this Complaint as if fully set forth therein.

89.     DEFENDANTS ' release, dumping, disposal, treatment and abandonment of various wastes, including but not limited to benzene, are interfering with and precluding Tesoro's free use and enjoyment of its Site, and are

20

**PLAINTIFFS' COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

threatening to impair and injure the health of individuals who would conduct business, visit, or otherwise utilize the Site.  DEFENDANTS' release, dumping, disposal, treatment and abandonment of various wastes onto the Site have caused and are causing injury to the Site and Tesoro.

90.    Tesoro never sanctioned DEFENDANTS' release, dumping, disposal, treatment and abandonment of various wastes to the Site. As a result, DEFENDANTS' release, dumping, disposal, treatment and abandonment of various wastes, and the contamination currently existing under the Site, constitute permanent nuisance and a continuing nuisance with regard to the Site. Tesoro is informed and believes that the contamination from DEFENDANTS' PIPELINES is migrating and will continue to migrate to the Site and worsen until it is abated and cleaned up due in part to the Environmentally Substandard Conditions.

91.    DEFENDANTS' interference with Tesoro's use and enjoyment of the land is substantial and ongoing in a permanent as well as a continuing manner.

92.    DEFENDANTS' actions caused Tesoro to suffer damage as set forth above, including other consequential, incidental and general damages in an amount to be determined by proof.

93.    Tesoro seeks injunctive relief, ordering DEFENDANTS to abate and to clean up the various wastes DEFENDANTS have released, dumped, disposed, treated and abandoned.

## EIGHTH CAUSE OF ACTION-PUBLIC NUISANCE
## (BY TESORO AGAINST ALL DEFENDANTS)

94.    In its capacity as private attorney general or otherwise, Tesoro repeats and realleges each and every allegation of this Complaint as if fully set forth therein.

95.    DEFENDANTS' release, dumping, disposal, treatment and abandonment of various wastes onto the Site gives rise to a public nuisance which affects not only Tesoro, but also the entire adjacent community and/or the comfort

**PLAINTIFFS' COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

and convenience of a considerable number of residents and visitors who use the Site and adjoining areas.  The Environmentally Substandard Conditions created on the Site by DEFENDANTS' conduct threaten to continue to spread to adjacent residences, including public streets and sidewalks and groundwater of the state in a permanent as well as a continuing manner.

96.     These conditions caused by DEFENDANTS' conduct substantially devalue the use and enjoyment of the Site, which Tesoro has spent considerable sums to investigate and remediate; therefore, Tesoro has suffered injuries different in kind from those suffered by the general public.

97.     Tesoro, in its capacity as private attorney general, alleges that as a proximate result of the conditions caused by DEFENDANTS' conduct, the Tesoro Site and other property have been permanently damaged. Tesoro has suffered special injuries associated with the investigation and remediation.  At the same time, the conditions caused by DEFENDANTS' conduct have affected the entire community and/or the comfort and convenience of a considerable number of residents and visitors who use the Site and adjoining areas, although the extent of the annoyance, danger or damage inflicted upon the residents of Long Beach may be unequal.

98.     Tesoro, in its capacity as private attorney general, asserts that its litigation against DEFENDANTS:  (a) raises strong issues of public importance and policy which are in need of vindication by litigation; (b) presents the necessity for private enforcement of said issues and rights, the resulting burden of which falls on Tesoro; and (c) will benefit the health and safety of the community.

99.     Tesoro, as a private attorney general, demands that DEFENDANTS abate the contamination and seeks to recover reasonable attorneys' fees and costs incurred in prosecuting this action.

//

//

**PLAINTIFFS' COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

100.   DEFENDANTS' actions caused Tesoro to suffer damages as set forth above, including other consequential, incidental and general damages in an amount to be determined by proof.

## NINTH CAUSE OF ACTION-NUISANCE *PER SE*
## (BY TESORO AGAINST ALL DEFENDANTS)

101.   Tesoro repeats and realleges each and every allegation of this Complaint as if fully set forth therein.

102.   By virtue of state and federal law and by virtue of the Regional Board issuing the Order mandating Tesoro to remediate the surrounding area, the condition caused by DEFENDANTS' conduct is a "nuisance per se," and Tesoro is entitled to the costs to remediate the area, in an amount to be determined by proof.

## TENTH CAUSE OF ACTION-
## VIOLATION OF CAL. BUSINESS AND PROFESSIONS CODE § 17200
## (BY TESORO AGAINST ALL DEFENDANTS)

103.   In its capacity as private attorney general or otherwise, Tesoro repeats and realleges each and every allegation of this Complaint as if fully set forth therein.

104.   California Business & Professions Code § 17200 *et seq*. prohibits unfair competition that is an unfair, unlawful, or a fraudulent business act or practice.

105.   DEFENDANTS engaged in unfair competition through unfair, or unlawful business acts or practices by maintaining Environmentally Substandard Conditions in DEFENDANTS' PIPELINES, by avoiding the costs of compliance to cure the Environmentally Substandard Conditions, by contaminating and failing to remediate the environment, and by a number of other activities that have substantially interfered with Tesoro's enjoyment of its Site.  At a minimum, Tesoro is informed and believes failure to correct the Environmentally Substandard Conditions resulted in DEFENDANTS not incurring costs to prevent release,

**PLAINTIFFS' COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

dumping, disposal, treatment and abandonment of various wastes at and from the DEFENDANTS' PIPELINES.

57.   As a result of DEFENDANTS' unlawful and unfair business practices, Tesoro has been harmed and is entitled to restitution in an amount to be determined by proof.

58.   Tesoro also requests that the Court enter a permanent injunction against DEFENDANTS, and each of them prohibiting their unlawful acts in the future.

**WHEREFORE,** Tesoro hereby demands trial by jury and prays for judgment as follows:

1.   For damages incurred to investigate and remediate  the affected areas, including but not limited to the Site and the OOI Site;

2.   For damages to Tesoro's enjoyment of its interests in property, in an amount to be determined by proof;

3.   For an order requiring DEFENDANTS to assume the cost of remediation of  the land and to reimburse Tesoro for the amounts already expended;

4.   For a permanent injunction against DEFENDANTS ordering them to halt their permanent and continuing nuisance and trespass;

5.   Attorneys' fees through law, contract or statute;

6.   Costs of suit;

7.   Prejudgment interest;

8.   All other relief that the Court may deem just and proper.

DATED:  September 15, 2016                    TROPIO & MORLAN

                                        BY:_ /s/  Daniel S. Hurwitz___
                                        SCOTT T. TROPIO
                                        DANIEL S. HURWITZ
                                        Attorneys for Plaintiffs,
                                        TESORO REFINING &
                                        MARKETING COMPANY LLC and
                                        TESORO SOCAL PIPELINE
                                        COMPANY LLC

**PLAINTIFFS' COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**